UTICA,
August, 1823.

WARNER
v.
NORTH.

WARNER, assignee, &c. *against* NORTH and M'KINSTRY.

THE defendant, *North*, had obtained the discharge of his person, under the act *to abolish imprisonment for debt in certain cases*, (*sess.* 42, *ch.* 101.) The discharge was dated *Sept.* 17, 1819. He was afterwards arrested upon a bailable *capias*, for a debt due before the assignment. He suggested to the Sheriff that he had been discharged, notwitstanding which a bail bond was exacted and taken ; and for want of special bail, a suit had been commenced thereon, the *capias* wherein was returnable the present term. Both the plaintiff and his attorney were, in fact, ignorant of the discharge, and so continued till notice of the motion. On these facts,

*C. E. Clark,* moved to set aside the proceedings in the bail bond suit.

*C. P. Kirkland,* contra. Our proceedings have been regular. The defendant has incurred the penalty of a bail bond suit, by not giving us notice of his discharge. The notice to the Sheriff ought not to affect us.

*J. C. Spencer,* in reply, said it was worthy of consideration, whether the defendant's discharge, like all proceedings *in rem*, was not to be deemed notice to the world. If so, the creditors are bound, at their peril, to notice it ; and if they wish bail, to obtain an order for the purpose. The statute provides, that *the discharge, or the record thereof, shall be sufficient authority, to the Sheriff, for discharging the debtor, on his endorsing his appearance ; provided that nothing therein contained shall prevent any Court of record, or any Judge of such Court, in vacation, from directing the debtor to be held to bail, on mesne process, in cases of fraud.* Unless the discharge is to operate as constructive notice, it is difficult to conceive how this provision is to be carried into effect. The Sheriff cannot know how the discharge affects the plaintiff's demand. The writ does not show when the claim

*The mere fact, that the defendant's person is discharged under the act to abolish imprisonment for debt in certain cases, (sess. 4, ch. 101) is not of itself notice to the creditor. And if he holds the defendant to bail without an order, being ignorant of the discharge, a suit upon the bail bond will be set aside, only on the terms of paying the costs of the suit and the application, provided the plaintiff has no actual notice of the discharge, till the papers for the motion are served.*

ALLAN
v.
SMITH.

arose. It may, for aught that appears upon the process, have arisen after the assignment; or some other collateral matter may exist, taking the debt without the operation of the discharge. The Sheriff must yield implicit obedience to the writ, which is his only guide.

*Curia.* The mere *fact* of the discharge, without its production, is not notice to the plaintiff, or the Sheriff. If the plaintiff knows of its existence, and, notwithstanding, holds the defendant to bail, without a previous order, he would be punishable for the irregularity. But the proceedings of the plaintiff, in this instance, have arisen from the silence of the defendant; and he has misled the plaintiff still farther, by giving a bail bond to the Sheriff. He ought to pay the costs which the plaintiff has incurred through this fault. Let the proceedings in the bail bond suit be set aside, on paying the costs of the suit, and of this application.

Rule accordingly.